## No. 463
## STEARNS & AUTOMOTIVE SEC. CO. v. STATE
Ohio Appeals, 6th Dist., Sandusky Co.
No. 153. Decided May 1, 1925.

677. JUDGMENT—When it will result in depriving creditor of suing on latter of two liens, when under former there can be no satisfaction, rule that creditor must exhaust latter first, so that another creditor will have opportunity to resort to prior lien, does not apply.

YOUNG, J.

H. Stearns, one of the plaintiffs, was fined $600 in the Sandusky Common Pleas for illegally transporting intoxicating liquors and was committed to the county jail until fine and costs were paid, or until he was otherwise discharged according to law. An automobile found in his possession at time of arrest was confiscated and ordered sold at public auction and proceeds of balance of such sale, of payment of expenses, to be applied to liens in order of their priority. Upon overruling of the application to modify the order confiscating said automobile, said sale was confirmed and the sheriff ordered to hold the funds in his hands, until further order of the court.

The Jefferson Sales Co., where Sterns bought the machine had a chattel mortgage on the car secured by a note for $1131, which was assigned to the Automotive Securities Co., and just prior to the arrest of Sterns, the Securities Co., filed a petition against Sterns in the Lucas Common Pleas to recover possession of the machine by reason of default in payment. Damages were prayed for in the sum of $565. Thereupon the sheriff of Lucas county seized the auto and a redelivery bond was given by Stearns, and the said auto was redelivered to Sterns.

After Stern's arrest, and sale of said auto by the sheriff of Sandusky county, the Securities Co., claiming to be owner and holder of the mortgage by assignment, filed an intervening petitoin seeking to recover $565, praying that it be decreed the first and best lien, and that said lien may be transferred to funds in the hands of the sheriff: Upon a hearing in the Sandusky Common Pleas, the intervening petition was dismissed, and it was order-

## STATE COURT OF APPEALS—Continued

ed that in distribution of funds no part was to be paid to the intervenor. Error was prosecuted, and it was contended by the State that facts in the case created a suspicion that the car in question was used for the purpose of transporting intoxicating liquor. The Court of Appeals held:

1. Record fails to show that Automotive Securities Co. had knowledge of purpose for which car was being used, and no presumption thereof arises.

2. At time of bringing replevin suit, Stern had given a bond of $1600, said amount exceeding claim of petitioner.

3. Rule that creditor who has lien on one fund may compel another creditor having prior lien thereon, and also a lien on another fund, to exhaust the latter before resorting to the former; does not justify such a judgment as will result in depriving the creditor having a claim on two funds, from resorting to remaining one in case he fails to have his claim satisfied from the other.

4. In light of all the facts and inasmuch as there is a replevin action pending in Lucas county, proceedings in Sandusky county should be stayed until termination of the action in Lucas County.

Judgment of Common Pleas in dismissing intervening petition reversed and cause remanded.

Attorneys—John B. Stahl for Securities Co.; George C. Sheffler, Pros. Atty., for State, both of Fremont.